IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LEAUMA BEN ALEFOSIO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN SAMOA GOVERNMENT,<br><br>　　　　Defendant. | Case No. 24-cv-00196-DKW-KJM<br><br>**ORDER TO SHOW CAUSE REGARDING VENUE** |

　　On April 26, 2024, Plaintiff Leauma Ben Alefosio, proceeding without counsel, filed a Complaint against Defendant, the "American Samoa Government," appearing to raise various claims, including the alleged denial of due process in connection with Alefosio's termination from a position in the Office of the Public Defender for American Samoa. Dkt. No. 1. At that time, Alefosio also filed an application to proceed without prepayment of fees or costs (IFP Application). Dkt. No. 3. Roughly a week later, on May 4, 2024, Alefosio filed an Amended Complaint against the "American Samoa Government," again alleging, among other things, that his position with the Office of the Public Defender for American Samoa had been terminated in violation of due process.

Because Alefosio has filed an IFP Application, the Court screens this case pursuant to Section 1915 of Title 28 of the United States Code, and must dismiss the same if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

With respect to venue, a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) if no district is otherwise available, any district over which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). When a case is brought in the wrong district, a court must dismiss the case or, if it is in the interest of justice, transfer the case to a proper district. *Id*. § 1406(a).

Review of the Amended Complaint reveals certain clear facts about venue in this case. First, Alefosio, the Plaintiff, is a resident of American Samoa, not Hawaiʻi. Second, the sole Defendant, the "American Samoa Government," is, if anything, resident in American Samoa, not Hawaiʻi. Third, all of the alleged

events took place in American Samoa, with not one occurring in Hawaiʻi.[1]   In other words, the first and second means of obtaining venue under Section 1391(b) clearly do not apply here.   As for the third, concerning personal jurisdiction over Defendant, Plaintiff alleges no facts that would give rise to exercising personal jurisdiction over the American Samoan Government in this Court.   Further, the only mention of venue in the Complaint or Amended Complaint is the assertion that venue is "proper" under 42 U.S.C. Section 1983 and 28 U.S.C. Section 1331. Dkt. No. 1 at 1; Dkt. No. 6 at 1.   Those provisions, however, have nothing to do with *venue*; they relate to a federal district court's *subject matter jurisdiction*.

In this light, venue in Hawaiʻi appears to be improper.   In addition, transfer of this case also appears improper, given that the seemingly only "proper" venue would be the courts of American Samoa, to whom this Court has no authority to transfer under Section 1406 because they are not a "district."   *See* 28 U.S.C. § 1406; *Heuter v. AST Telecomm LLC*, 2023 WL 4054558, at *3 (D. Haw. June 16, 2023) (explaining that "American Samoa does not have a federal court and is not part of a federal judicial district.").

---

[1] Specifically, Alefosio worked in American Samoa, he was allegedly terminated from his job in American Samoa, and he allegedly litigated said termination through the American Samoan legal system.

As a result, Alefosio is ORDERED TO SHOW CAUSE why this case should not be dismissed without prejudice for lack of venue. Alefosio may have until **May 28, 2024** to respond to this Order to Show Cause. Should Alefosio fail to respond or fail to show why venue is proper in this District, this action will be dismissed for lack of venue.

IT IS SO ORDERED.

Dated: May 7, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

*Leauma Ben Alefosio v. American Samoa Government*; Civil No. 24-00196 DKW-KJM; ORDER TO SHOW CAUSE REGARDING VENUE