IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LEAUMA BEN ALEFOSIO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN SAMOA GOVERNMENT,<br><br>　　　　Defendant. | Case No. 24-cv-00196-DKW-KJM<br><br>**ORDER DISMISSING CASE FOR IMPROPER VENUE** |

　　　　On May 7, 2024, the Court ordered Plaintiff Leauma Ben Alefosio to show cause why this case should not be dismissed for improper venue. Dkt. No. 8. Specifically, the Court explained that a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) if no district is otherwise available, any district over which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). Based upon the allegations of the Amended Complaint, Dkt. No. 6, it was clear that (A) Alefosio was a resident of American Samoa, not Hawaiʻi, (B) the sole Defendant, the "American Samoa Government," was, if

anything, resident in American Samoa, not Hawaiʻi, and (C) all of the alleged events took place in American Samoa, with not one occurring in Hawaiʻi. Finally, the Court explained that, in light of the foregoing, the first and second means of obtaining venue under Section 1391(b) clearly did not apply, and, as for the third, Alefosio alleged no facts that would give rise to this Court exercising personal jurisdiction over the American Samoan Government. The Court, therefore, ordered Alefosio to show cause why this case should not be dismissed for improper venue.

On May 21, 2024, Alefosio responded to the Order to Show Cause. Dkt. No. 9. Therein, he asserts that venue is proper under Section 1391(b)(3) because this case arises under federal law, Defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and the exercise of personal jurisdiction over Defendant comports with principles of due process. *See id*. at 1 (citing Fed. R. Civ. P. 4(k)(2) and *Ayala v. Alya Skin*, 11 F.4th. 972, 978 (9th Cir. 2021)).[1] Alefosio elaborates without any detail that due process is satisfied because Defendant has "appeared in this forum in the past on previous similar matters."

---

[1] Federal Rule of Civil Procedure 4(k)(2) provides that "[f]or a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws."

*Id*. at 14. Even assuming the accuracy of that statement, though, it has no relevance to constitutional analysis, *i.e.*, "fair play and substantial justice", in *this case*. See *id*.[2] This is particularly so, given that, in the Amended Complaint, *all* events, including Alefosio's allegedly wrongful termination, took place in *American Samoa*. Put simply, the allegations of this case reflect that there is no basis to exercise personal jurisdiction over the American Samoan Government – it is not "resident" here in any sense of the word and, despite having been given the opportunity, Alefosio has described no conduct in which it could be said that the American Samoan Government directed any action at the United States or Hawai`i.[3] See *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006) (explaining that, for purposes of Rule 4(k)(2), a defendant's actions must be "purposefully directed at the United States.").

Accordingly, because Alefosio has failed to show that venue is proper in this District, pursuant to 28 U.S.C. Section 1406(a), this case is DISMISSED for improper venue.[4]

---

[2]Alefosio's remaining assertions in this regard concern the efforts *he* underwent in the American Samoan legal system to pursue his claims against the American Samoan Government. This too has no relevance to the constitutionality of exercising personal jurisdiction in light of the *Defendant's* conduct.

[3]It is, therefore, unnecessary for the Court to decide whether the alleged claims arise under federal law or whether the American Samoan Government is subject to jurisdiction in any state's courts of general jurisdiction, as Alefosio contends.

[4]As explained in the Order to Show Cause, transfer of this case is not justified because the seemingly only "proper" venue would be the courts of American Samoa, to whom this Court has

The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: May 24, 2024 at Honolulu, Hawai'i.

_____
Derrick K. Watson
Chief United States District Judge

---

no authority to transfer under Section 1406 because they are not a "district." *See* 28 U.S.C. § 1406; *Heuter v. AST Telecomm LLC*, 2023 WL 4054558, at *3 (D. Haw. June 16, 2023) (explaining that "American Samoa does not have a federal court and is not part of a federal judicial district.").