IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LEAUMA BEN ALEFOSIO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN SAMOA GOVERNMENT,<br><br>　　　　Defendant. | Case No. 24-cv-00196-DKW-KJM<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

　　　On May 24, 2024, the Court dismissed this action for improper venue. Dkt. No. 10. In doing so, the Court explained that the parties and all of the alleged events took place in American Samoa and, while Plaintiff Leauma Ben Alefosio contended that Defendant, the "American Samoa Government," was not subject to jurisdiction in any state court, Alefosio provided no basis for this Court to exercise personal jurisdiction over the American Samoan Government under Federal Rule of Civil Procedure 4(k)(2). Judgment was entered the same day. Dkt. No. 11.

　　　On May 29, 2024, Alefosio, proceeding without counsel, moved for reconsideration of the May 24, 2024 Order. Dkt. No. 12. Therein, Alefosio now attempts to provide a basis for exercising personal jurisdiction over the Defendant. Specifically, relying on principals of *general* personal jurisdiction, Alefosio argues

that, because the American Samoan Government has a "permanent Hawaii Office" and "celebrates" a yearly "Samoan Heritage Week in the State of Hawaii[,]" its contacts are "continuous" and "systematic" so as to justify exercising personal jurisdiction over the Defendant.

Having reviewed and liberally construed the motion for reconsideration, the Court disagrees.[1]  The U.S. Supreme Court has explained that personal jurisdiction encompasses two distinct concepts: (1) general personal jurisdiction; and (2) specific personal jurisdiction.  *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S.Ct. 1773, 1779-80 (2017).  Here, Alefosio relies solely upon *general* personal jurisdiction.  Dkt. No. 12 at 2-4.  In that respect, the Supreme Court has further explained that a "court may assert general

---

[1] The Court notes that a motion for reconsideration filed less than 28 days after the entry of judgment is construed under Rule 59(e) of the Federal Rules of Civil Procedure.  *Cf. Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986) ("Gould's motion … was not denominated a Rule 60(b) motion. But, since it followed final judgment and was not within the time limits of Rule 59(e), we may consider it a Rule 60(b) motion."); *see Croomes v. Stream Global Services-AZ, Inc.*, 2012 WL 2946498, at *1 (D. Ariz. July 19, 2012); Fed.R.Civ.P. 59(e).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Here, Alefosio does not move under (let alone mention) any of those four grounds.  *See generally* Dkt. No. 12.  Rather, while Alefosio appears to rely on "evidence" that was not previously presented, that supposed evidence was undoubtedly available long before the May 24, 2024 Order.  Nonetheless, in light of Alefosio's pro se status, and his contention that the "past few weeks have been stressful", Dkt. No. 12 at 5, the Court considers the same herein.

jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation omitted).

Here, Alefosio relies upon the following alleged affiliations: an office located in Hawaiʻi since the early 1970's; an annual "Samoan Heritage Week" held in Hawaiʻi; a "referral program" allowing residents of American Samoa to be sent for treatment to hospitals in Hawaiʻi; a "cohort program" with the University of Hawaiʻi; and the "American Samoa Army Reserve Unit fall[ing] under the auspices of the Hawaii Army Reserve Headquarters." Dkt. No. 12 at 3-4.[2] Even if the Court were willing to accept the foregoing constituted continuous affiliations, they are certainly not *systematic* in any sense of the word and, importantly, for the instant analysis, in the sense that they would render the American Samoan Government "at home" in this forum.[3] In that regard, the

---

[2] Alefosio also states that, "[i]n the past," the American Samoan Government "had" the "Bank of American Samoa" in Hawaiʻi. Dkt. No. 12 at 4. As Alefosio appears to acknowledge through the use of the past tense, however, this affiliation is not *continuous* in the sense that it appears to no longer exist.

[3] The Court notes that, under Rule 4(k)(2), the relevant "forum" is the United States, rather than Hawaiʻi alone. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 & n.3 (9th Cir. 2006). In the motion for reconsideration, Alefosio relies solely upon affiliations with Hawaiʻi, and the Court therefore confines its analysis to the same.

3

Supreme Court has explained that the "paradigm" forums are, for individuals, domicile, and, for corporations, the principal place of business or place of incorporation.  *Goodyear*, 564 U.S. at 924.  While the American Samoan Government is neither an individual nor a corporation, arguably, "an equivalent place" for such an entity may be the seat of government or where its principal governmental activities take place.  *See id*.  For the American Samoan Government, those places are not in Hawaiʻi or the United States; they are in American Samoa.  Therefore, the Court does not find that *general* personal jurisdiction exists here for purposes of Rule 4(k)(2).

The motion for reconsideration, Dkt. No. 12, is accordingly DENIED.

IT IS SO ORDERED.

Dated: June 21, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

*Leauma Ben Alefosio v. American Samoa Government*; Civil No. 24-00196 DKW-KJM; **ORDER DENYING MOTION FOR RECONSIDERATION**